IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

            Plaintiff,

  v.

IVRAN GALMORE,

            Defendant.

OPINION

24-cr-130-wmc

---

On February 14, 2025, the court considered the question of pretrial release at defendant Ivran Galmore's arraignment. The government moved for detention, citing a presumption of detention under the Bail Reform Act of 1984, 18 U.S.C. § 3142, for the type of drug charge defendant faces, and arguing that defendant presents a risk of failure to appear and of danger to the community. For the reasons discussed at the hearing and recounted below, the court ORDERED defendant's release but STAYED that order at the government's request until it could be reviewed by the assigned district court judge, Judge William Conley.

As explained at the detention hearing, the government did establish both a risk of failure to appear and a risk of danger to the community. There is evidence that defendant struggles to abide by rules, including previous convictions and previous, albeit dated, failures to appear. And the allegations of this case involve fleeing in a vehicle, fleeing on foot, and a general lack of compliance. In addition, the five-year mandatory minimum defendant faces is motivation to flee, and defendant appears to have more means to flee than many others. Defendant also has a history of recklessness, including reckless driving in this case, as well as in a previous state case, which speaks to his risk of danger to the community. Finally, the residence at which

defendant was living and to which he proposes to return contained a gun, although it was possessed by defendant's partner and has since been removed from the residence.

The court considered the presumption and these risks, as well as pretrial services' recommendation to detain, but respectfully departed from that recommendation. First, the court noted two important datapoints: (1) Defendant was discharged from his most recent state court case in 2021 and, apart from this case, has had no brushes with the law since then. Through these years, he has been in a stable home and family environment and has been working on growing his music business; and (2) defendant was released on bond in the parallel Monroe County state court case in November 2024 and was in compliance up until his arrest on the federal warrant in this case. That arrest occurred when defendant appeared in Monroe County to acquire belongings. So, the most recent information about defendant's conduct shows that he is able to comply with court orders.

Second, while the risks discussed above are concerning, they can be addressed with conditions. Specifically, defendant will be confined under continual, around-the-clock GPS monitoring to his partner's home. His partner has no criminal history and is a pro-social influence. This monitoring mitigates the risk of both nonappearance and community danger, which primarily stems from defendant's reckless driving. Defendant cannot drive recklessly if he is confined at home. Defendant will also surrender his passport and driver's license, further mitigating the risks of non-appearance and community danger. These conditions, in addition to the standard 12 conditions, all set forth at Dkt. 14, may not combine to mitigate such risks in every case, but there are sufficient circumstances to counter those risks here, particularly considering defendant's most recent demonstrated compliance with court orders.

Ultimately, this case presents a close question, so while the court DENIED the government's motion to detain defendant, it GRANTED the government's request to stay execution of the release order pending its review by Judge William Conley.  Defendant did not contest this stay and remains detained pending review.

Entered February 14, 2025.

                                BY THE COURT:

                                /s/

                                _____
                                ANITA MARIE BOOR
                                Magistrate Judge